

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable S. R. Allen
County Attorney
Hamilton County
Hamilton, Texas

Dear Sir:

Opinion No. 0-6420
Re: Interpretation of K. B.
No. 522, Acts 1941, 47th
Legislature, relating to
county commissioners'
salaries within certain
population brackets.

We have your recent letter in which you request an
interpretation of the Acts of 1941, 47th Legislature, page 92,
Chapter 76, which reads as follows:

"In all counties in this State having a popu-
lation of not less than seventeen thousand, four
hundred and seventy-five (17,475) nor more than
seventeen thousand, five hundred (17,500), accord-
ing to the last Federal Census, and having also a
taxable valuation in excess of Six Million, Eight
Hundred Thousand Dollars ($6,800,000) for the next
preceding year, the salary of County Commissioners
shall be One Thousand, Eight Hundred Dollars
($1,800) per year, payable in twelve (12) equal
monthly installments, out of the Road and Bridge
Fund of said county."

You state in your letter, that, "the county commis-
sioners of this county have been receiving $1200.00 per year,
but they reason that since their assessed valuation for last
year was $8,450,000.00, they should receive the $1800.00 per
year, although the population of the county is but 13,303,
since logically the assessed valuation is the proper test."

The above quoted Act became effective on April 5,
1941. According to the 1940 Census, the only county in Texas

that would be affected by the Act would he the county of Jasper. Although there are several other counties in the State of Texas which have very nearly the same population as Jasper County, none of these would benefit by the act in question. This department has repeatedly held Acts of this character unconstitutional as being a local or special law within the prohibition of Section 56, Article III, of the Constitution. See Miller, et al. v. El Paso County, (Sup.) 150 S. W. (2d) 1000; Jameson, et al. v. Smith, (Civ. App.) 161 S. W. (2d) 520; also opinions Nos. O-3237 and O-3723 of this department which are enclosed.

In view of the well established line of authorities, we hold the Act in question unconstitutional for the reason that it is a local law condemned by our Constitution. However, we notice in your letter that you state that the commissioners of your county are receiving only $1200.00 per year, though the assessed valuation for last year was Eight Million, Four Hundred and Fifty Thousand Dollars ($8,450,000). It occurs to us that Article 2350, V.A.C.S., would permit a county with your valuation to pay a salary of $1400.00 per year to its commissioners. We are enclosing our opinion No. O-6378 which deals with that question.

It is sincerely hoped that our views in the premises will assist you with your problems.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Eugene Alvis
Eugene Alvis
Assistant

EA:db

Enclosures